CHARLES A. BROWN *v.* V. E. M. OSORIO, AMERI-
CAN TRADING COMPANY, LIMITED, A COR-
PORATION, AND G. KUWAHARA.

## No. 1337.

RESERVED QUESTIONS FROM CIRCUIT COURT FOURTH CIRCUIT.
HON. J. W. THOMPSON, JUDGE.

SUBMITTED JULY 21, 1921.                    DECIDED JULY 26, 1921.

### COKE, C. J., KEMP AND EDINGS, JJ.

LANDLORD AND TENANT—*leases—assignments.*

> A provision in a lease to operate as a restriction on the right
> of assignment must be clearly and positively expressed and the
> insertion of the words "permitted assigns" in a single instance in
> the habendum clause of the lease is insufficient to constitute an
> agreement not to assign.

### OPINION OF THE COURT BY EDINGS, J.

This matter comes before this court on reserved ques-
tions from the judge of the circuit court of the fourth
circuit of this Territory. The facts presented by the
record show that the plaintiff instituted an action to quiet
title against the defendants in the circuit court of the
fourth circuit, alleging in his complaint that he is the
owner in fee simple of certain land situated in the town of
Hilo and particularly described in said complaint; that
the defendant Osorio claims adversely to plaintiff an
estate or interest in said premises by virtue of a certain
lease dated April 25, 1912, made by plaintiff to said
defendant and duly recorded in the office of the registrar
of conveyances at Honolulu, a copy of which said lease is
attached to said complaint and made a part thereof; that
said lease has been forfeited by the attempted assignment

thereof by said defendant Osorio to the defendant "American Trading Company, Limited, in breach of the express terms of said lease * * * ;" that said attempted assignment being contrary to the terms of said lease is without authority and null and void; that the defendant American Trading Company, Limited, claims an interest in said property as the assignee of said lease, and said defendant Kuwahara claims an interest by virtue of a lease of certain portions of the building situated on said premises made to him by said defendant the American Trading Company, Limited; that plaintiff has never given his consent to any assignment of said lease; to which complaint the defendants interposed a demurrer setting out principally that the complaint did not set forth sufficient facts to constitute a ground of action against the defendants or any of them, whereupon the presiding judge reserved to this court the following questions, a determination of which will settle the issue in said case:

"1. Shall the demurrer on file in this cause be sustained?

"2. By the terms of the lease executed by C. A. Brown as lessor to V. E. M. Osorio as lessee, and bearing date of April 25th, 1912 (Exhibit A) was the lessee legally authorized to assign said lease to American Trading Co., Ltd., as by the Assignment of Lease dated January 24th, 1921 (Exhibit B)?

"3. By virtue of the said lease (Exhibit A) and the Assignment of Lease (Exhibit B) does the relation of landlord and tenant exist between the said C. A. Brown as lessor and the American Trading Co., Ltd.?

"4. Has G. Kuwahara any leasehold interest in the premises described in the lease executed by the American Trading Co.. Ltd., to him, and dated January 24th, 1921 (Exhibit C)?"

The lease in question contains in the habendum clause after the words "To have and to hold the said demised property unto said lessee, his successors" the words "and

permitted assigns," this isolated instance being the sole occasion in which any expression or words are used in the entire instrument indicating any desire on the part of the lessor that the liberty of the lessee to assign the lease should be curtailed or restricted. If these words taken alone, as they must be, were intended by the lessor as a restriction upon the lessee's right to assign the intent must be regarded as futile.

"Restrictions against assignments, being a restraint against alienation, are not looked upon with favor by the courts and from the earliest times have been construed by courts of law with the utmost jealousy to prevent the restraint from going beyond the express stipulation. A provision to operate as a restriction on the right to assign must be clearly expressed" (16 R. C. L. 832, Sec. 328.). "Covenants against assignments or under-letting are not favorably regarded by the courts, and are liberally construed in favor of the lessee" (*Gazlay* v. *Williams*, 14 L. R. A. (N. S.) 1199, 1206). "Such covenants are restraints which courts do not favor" (*Riggs* v. *Pursell*, 66 N. Y. 193). The right to assign can be defeated only by a very clear stipulation. (*Robinson* v. *Perry*, 68 Am. Dec. 455.)

The expression used in the lease in question "permitted assigns" cannot be construed to be either a stipulation or a covenant not to assign and must be regarded as mere surplusage.

This court is of the opinion that all the questions reserved should be, and they are, answered in the affirmative.

*Watson & Clemons* and *C. S. Carlsmith* for plaintiff.

*T. E. M. Osorio* and *Russell & Patterson* for defendants.